## STOCKTON v. ROBERTS.

No. 22052.   March 20, 1934.

Logan Stephenson, Ethel M. Proffitt, and Jas. M. Shackleford, for plaintiff in error.

Leon C. Phillips, for defendant in error.

BAYLESS, J. Harvey Roberts, a minor, by his mother and next friend, Mildred Roberts, as plaintiff, sued Tom Stockton, as defendant, in the district court of Okfuskee county, Okla., for damages; and recovered a judgment, based upon a jury's verdict, for $50 actual damages and $950 punitive damages. The defendant appeals.

The basis for plaintiff's claim for actual and punitive damages is an alleged wanton and unprovoked assault upon the plaintiff, a boy of fourteen years, by the defendant, a grown man.

The first assignment of error argued concerns the admission in evidence on behalf of the plaintiff of certain incompetent, irrelevant, and immaterial testimony. Three instances of such testimony are cited. It is probable that these isolated and unconnected questions were without the actual issues of

the case; but we consider them insignificant and in no wise tending to error.

The second argument on the part of defendant is an effort to show that plaintiff did not suffer any actual damage, and that there was no malice shown to support punitive damages. The evidence is in conflict on some essential points. The facts established by the plaintiff and his witnesses are that defendant asked plaintiff to pay his account with the defendant; that an argument resulted from this request; that defendant apparently understood plaintiff to say that he did not intend to pay the bill; that defendant then said, in effect, that he, defendant, would take it out of plaintiff's hide; that defendant made toward plaintiff, who ran but was caught; that defendant kicked plaintiff on one of his hips and brought plaintiff to his knees; that defendant then caught plaintiff's "goozle" with either two or three fingers and choked him, during the process of which defendant forced plaintiff backward against and over a counter in the store; that gagging sounds proceeded from plaintiff's throat, he seemed to be choking and his face became discolored. Two witnesses, disinterested bystanders, testified that they asked defendant twice to desist, and he desisted after the second request. From this it appears that the jury was amply justified in believing that the defendant, a grown man, made an unjustified and unprovoked assault upon the plaintiff, a mere boy.

Defendant raised no objections to the instructions, and from an examination of said instructions we are of the opinion that they correctly stated the law applicable thereto.

The evidence, in our opinion, was ample to justify its finding that the defendant acted with such a wanton and willful disregard of the plaintiff's rights and intentionally without just cause, if, indeed, the defendant's language did not express ill will and malice toward the plaintiff. In view of the jury's verdict upon this evidence, which evidence is contradicted on some points, we find no error and must sustain the judgment of the trial court.

CULLISON, V. C. J., and SWINDALL, McNEILL, and BUSBY, JJ., concur.